IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL HAMM,

Plaintiff,

v.

OPINION and ORDER

FRANK J. BISIGNANO,
Commissioner of the Social Security Administration,[1]

21-cv-569-jdp

Defendant.

This is an action for judicial review of the Social Security Administration's denial of Paul Hamm's application for disability benefits. After the parties stipulated to a remand, Hamm received a favorable decision from the commissioner. Dana Duncan, counsel for Hamm, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 22. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In assessing a fee for reasonableness, the court must start with the fee specified by Hamm's contingency agreement with his counsel. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (per curiam). Contingency agreements are the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 808. In this case, Hamm agreed to pay Duncan a contingency fee of 25 percent of any award

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. Fed. R. Civ. P. 25(d).

of past benefits that he received. Dkt. 22-1, at 1. Twenty-five percent of Hamm's past benefits award is $11,587.47. Dkt. 22-2, at 3.

The key question is whether this contingency fee is unwarranted, and thus, should be reduced. The court must determine whether the contingency fee is reasonable "based on the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808. To make this determination, the court considers relevant factors, including:

- the claimant's satisfaction with their attorney's representation;
- the attorney's expertise and efforts expended;
- whether the attorney engaged in any undue delay or overreaching;
- the uncertainty of recovery and risks of an adverse outcome; and
- how the effective hourly rate compares to others in the field and jurisdiction.

*Arnold*, 106 F.4th at 601.

The court finds no reason to award Duncan less than the full contingent fee amount to which he and Hamm agreed. Neither Hamm nor the commissioner objected, it's undisputed that Duncan is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate (about $340) exceeds that charged by other attorneys in the field.[2] The court will approve a representative fee in the gross amount of $11,587.47

Duncan asks the court to allow him to retain the $8,201.17 he previously received in fees under the Equal Access to Justice Act (EAJA), subtracting the EAJA fees from the gross fee award, which would result in a net fee of $3,386.30. Dkt. 23, at 2. Duncan's request accords with the court's past practice. *E.g.*, *Luzar v. Bisignano*, No. 22-cv-52-jdp, 2026 WL 125680,

[2] Duncan spent 34.2 hours on this case. Dkt. 22-3.

at *1 (W.D. Wis. Jan. 16, 2026). *But see House v. Bisignano*, No. 20-cv-518-jdp, 2025 WL 2051127, at *1 (W.D. Wis. July 22, 2025) (requiring counsel to refund EAJA fee). The commissioner takes no position on Duncan's request to retain the fees, but he requests that the court's order distinguish between the full amount determined as reasonable under Section 406(b) and the net amount awarded for payment purposes. Duncan's request to receive a net fee amounts to a streamlined version of the requirement that counsel transfer the smaller fee to his client, *Arnold*, 145 F.4th at 770, so the court will grant the request for the sake of efficiency. Duncan's representative fee award under § 406(b) is $11,587.47. The net amount that should be dispersed to Duncan from Hamm's past-due benefits is $3,386.30.

ORDER

IT IS ORDERED that:

1. Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 22, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $11,587.47.

3. Duncan may retain the $8,201.17 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4. The net amount of $3,386.30 shall be disbursed by the commissioner from any of Hamm's past-due benefits being withheld and in accordance with agency policy.

Entered September 9, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge